**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
         chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Manuel Reyes**, <br><br> Plaintiff, <br><br> vs. <br><br> **Priority Towing, LLC**, an Arizona limited liability company, **Manhattan Investments, LP**, a Delaware Limited Partnership, **Brian Jackson and Jane Doe Jackson**, a married couple, and **Conor Gleason and Jane Doe Gleason**, a married couple, <br><br> Defendants, | No. _____ <br><br> **COMPLAINT** <br><br> **(Demand for Jury Trial)** |

Plaintiff, Manuel Reyes ("Plaintiff"), individually, alleges as follows:

**PRELIMINARY STATEMENT**

1.    Plaintiff brings this action against Defendants Priority Towing, LLC, Brian Jackson and Jane Doe Jackson, and Conor Gleason and Jane Doe Gleason (collectively "Defendants"), for their unlawful failure to pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA") and for their unlawful failure to pay wages

in violation of the Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2.

2.     This is an action for equitable relief, unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and the Arizona Wage Act.

3.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Under the FLSA, employers must pay all non-exempt employees a one and one-half times their regular rates of pay for all time spent working in excess of 40 hours in a given workweek.

4.     The Arizona Wage Act, and A.R.S. Title 23, Chapter 2, employment wage payment standards for the state of Arizona. The Arizona Wage Act recognizes that employers must pay their employees all wages earned.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 201, *et seq.*, and 28 U.S.C. § 1367 because this civil action arises under the Constitution, the law of the United States, and Arizona law.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

7.     At all material times to the matters alleged herein, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8.      At all material times, Plaintiff is a full-time, non-exempt employee of Defendants from approximately May 1, 2015, through the present.

9.      At all material times, Plaintiff was employed by Priority Towing, LLC as a tow-truck driver. Priority Towing, LLC employed Plaintiff to perform various repetitive non-exempt tasks, including but not limited to towing vehicles to and from Defendants' holding facility, shops, customers' homes, or body shops.

10.     At all material times, Plaintiff was an employee of Priority Towing, LLC as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

11.     Defendant Priority Towing, LLC is an Arizona limited liability company, authorized to do business in the State of Arizona and was at all relevant times Plaintiff's Employer as defined by 29 U.S.C. § 203(d).

12.     At all material times, Defendant Priority Towing, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Priority Towing, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

13.     At all relevant times, Plaintiff was an employee of Defendant Priority Towing, LLC.  At all relevant times, Defendant Priority Towing, LLC, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

employment records in connection with Plaintiff's employment with Defendants.  In any event, at all relevant times, Defendant Priority Towing, LLC was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

14.     Defendant Priority Towing, LLC is an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Priority Towing, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant Priority Towing, LLC in relation to the company's employees, Defendant Priority Towing, LLC is subject to liability under the FLSA.

15.     At all material times, Defendant Manhattan Investments, LP was a limited partnership duly licensed to transact business in the State of Arizona.  At all material times, Defendant Manhattan Investments, LP does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

16.     At all relevant times, Plaintiff was an employee of Defendant Manhattan Investments, LP.  At all relevant times, Defendant Manhattan Investments, LP, acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment

with Defendants.  In any event, at all relevant times, Defendant Manhattan Investments, LP was an employer subject to the Fair Labor Standards Act (FLSA) and employed Plaintiff.

17.     Defendant Manhattan Investments, LP is an employer under the FLSA. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant Manhattan Investments, LP had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest of Defendant Manhattan Investments, LP in relation to the company's employees, Defendant Manhattan Investments, LP is subject to liability under the FLSA.

18.     Defendants Brian Jackson and Jane Doe Jackson are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Brian Jackson is the Owner of Priority Towing, LLC and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d). Jane Doe Jackson is also the Owner of Priority Towing, LLC.

19.     Under the FLSA, Defendants Brian Jackson and Jane Doe Jackson are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Brian Jackson and Jane Doe Jackson are the owners of Priority Towing, LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the

conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Priority Towing, LLC. As persons who acted in the interest of Priority Towing, LLC in relation to the company's employees, Brian Jackson and Jane Doe Jackson are subject to individual liability under the FLSA.

20. Defendant Conor Gleason and Jane Doe Gleason are, upon information and belief, husband and wife. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Conor Gleason is the Owner of Priority Towing, LLC and was at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d). Jane Doe Gleason is also the Owner of Priority Towing, LLC.

21. Under the FLSA, Defendants Conor Gleason and Jane Doe Gleason are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendants Conor Gleason and Jane Doe Gleason are the owners of Priority Towing, LLC. They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Priority Towing, LLC. As persons who acted in the interest of Priority Towing, LLC in relation to the company's employees, Conor Gleason and Jane Doe Gleason are subject to individual liability under the FLSA.

22.     Plaintiff is further informed, believe, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

23.     Defendants, and each of them, are sued in both their individual and corporate capacities.

24.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq*.

26.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply Arizona Defendants

27.     At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq*.

28.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

29.     Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

30.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

31.     At all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

32.     Plaintiff, in his work for Defendants, regularly handled goods produced and transported in interstate commerce.

## FACTUAL ALLEGATIONS

33.     Defendants own and/or operate as Priority Towing, LLC, an enterprise located in Maricopa County, Arizona.

34.     Priority Towing, LLC is an enterprise that build, maintains, and repairs pools, fountains, spas and other similar items in Arizona.

35.     On approximately May 2015, Plaintiff began employment with Defendants as a tow-truck driver, performing various repetitive non-exempt tasks, including but not limited to towing vehicles to and from Defendants' holding facility, shops, customers' homes, or body shops.

36.     Plaintiff was not a manager in his work for Defendants.

37.     Plaintiff did not have supervisory authority over any employees in his work for Defendants.

38.     Plaintiff did not possess the authority to hire or fire employees in his work for Defendants.

39.     Plaintiff did not possess the authority to make critical job decisions with respect to any Priority Towing, LLC employee in his work for Defendants.

40.     Plaintiff did not direct the work of two or more employees in his work for Defendants.

41.     Plaintiff did not exercise discretion and independent judgment with respect to matters of significance in his work for Defendants.

-8-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

42.     Plaintiff did not perform office or non-manual work for Defendants in his work for Defendants.

43.     Plaintiff's primary duty was not the management of the enterprise in which he was employed or any recognized department of the enterprise in his work for Defendants.

44.     For the duration of Plaintiff's employment with Defendants, Plaintiff was compensated at a rate of $13.00 per hour for every hour worked.

45.     In addition, Defendants compensated Plaintiff an additional $100.00 per pay period as an apparent "safety bonus."

46.     From the commencement of Plaintiff employment in May 2015 through the present, he has been a non-exempt employee.

47.     Throughout the duration of Plaintiff's employment, Defendants have failed to properly compensate Plaintiff for his overtime hours.

48.     Plaintiff routinely worked with knowledge of Defendants, and generally at Defendants' request, in excess of 40 hours per week during his employment with Defendants.

49.     Specifically, during his employment, Plaintiff routinely worked approximately 63 hours per week and was not paid the premium one and one-half times his regular rate of pay as required under the FLSA for hours worked over 40 in a workweek.

50.     In a given workweek, and during each and every workweek, of Plaintiff's employment with Defendants, Plaintiff worked approximately twenty-three (23) hours of

overtime without being compensated at one and one-half times his regular rate of pay for such time worked.

51.    Plaintiff worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

52.    For example, during workweek of January 25, 2019, Plaintiff worked approximately 23 hours of overtime without being compensated at one and one-half times his regular rate of pay for such time worked.

53.    Defendants' failure to pay Plaintiff one and one-half times the applicable rate of pay for all hours worked in excess of 40 per week violated 29 U.S.C. § 207.

54.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

55.    Plaintiff is a covered employee within the meaning of the Fair Labor Standards Act ("FLSA").

56.    Plaintiff was a non-exempt employee.

57.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

58.    Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

59.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

60.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

61.     Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY PROPER OVERTIME RATE

62.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

63.     Plaintiff was a non-exempt employee entitled to statutorily mandated overtime wages.

64.     In a given workweek, Defendants failed to pay one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours.

65.     As a result of Defendants' failure to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 per week in a given workweek, Defendants failed and/or refused to pay Plaintiff the applicable overtime rate for all hours worked for the duration of his employment, in violation of 29 U.S.C. § 207.

66.     As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime rate for all hours worked, Defendants violated the FLSA.

67. As such, the full applicable overtime rate is owed for all hours that Plaintiff worked in excess of 40 hours per week.

68. Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

69. Defendants have and continue to willfully violate the FLSA by not paying Plaintiff a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff spent working for Defendants.

70. Plaintiff is therefore entitled to compensation one and one-half times his regular rate of pay for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Manuel Reyes, individually, respectfully requests that this Court grant the following relief in Plaintiff Manuel Reyes's favor, and against Defendants:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B.   For the Court to award compensatory damages, including liquidated

damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C.   For the Court to award prejudgment and post-judgment interest;

D.   For the Court to award Plaintiff reasonable attorneys' fees and costs of the

action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

forth herein;

E.   Such other relief as this Court shall deem just and proper.

### COUNT TWO: ARIZONA WAGE ACT
### FAILURE TO PAY WAGES

71.   Plaintiff realleges and incorporates by reference all allegations in all

preceding paragraphs.

72.   As a result of Defendants' failure to pay Plaintiff one and one-half times his

regular rate of pay for all hours worked in excess of 40 per week, Defendants did not pay

Plaintiff wages owed to Plaintiff, in violation of A.R.S. Title 23, Chapter 2.

73.   As a result of Defendants' willful failure to compensate Plaintiff wages

owed for all hours worked, Defendants violated the A.R.S. Title 23, Chapter 2.

74.   Pursuant to A.R.S. 23-355, Plaintiff is entitled to damages treble the

amount of wages that Defendants failed to pay to Plaintiff, to be proven at trial.

**WHEREFORE**, Plaintiff, Manuel Reyes, individually, respectfully requests that

this Court grant the following relief in Plaintiff Manuel Reyes's favor, and against

Defendants:

F.      For the Court to declare and find that the Defendants violated A.R.S. Title 23, Chapter 2, by failing to pay wages owed to Plaintiff;

G.      For the Court to award compensatory damages, including treble the amount of wages owed to Plaintiff, pursuant to A.R.S. § 23-355, to be determined at trial;

H.      For the Court to award prejudgment and post-judgment interest;

I.      For the Court to award Plaintiff a reasonable attorneys' fees and costs of the action;

J.      Such other relief as this Court shall deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 22nd day of August 2019.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Christopher J. Bendau
*Attorney for Plaintiff*